United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL BAIRD,

          Plaintiff,

    v.

OFFICE DEPOT,

          Defendant.
_____/

No. C-12-6316 EMC

**ORDER RE PARTIES' JOINT LETTERS OF JULY 19, 2013**

**(Docket Nos. 27, 28)**

Currently pending before the Court are two letters submitted by the parties regarding discovery disputes. The disputes are related. In essence, the issue for the Court is (1) whether Defendant should be required to respond to Interrogatories Nos. 2-5 and (2) whether Defendant's objection to Interrogatory No. 37 is proper.

The Court orders Defendant to respond to Interrogatories Nos. 2-5. The Court acknowledges that this means that Plaintiff will be permitted to propound more than 25 interrogatories. However, Rule 33(a) provides that "additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 33(a). Under Rule 26(b)(2), a court may consider whether "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). Here, the benefit of the discovery outweighs the burden, particularly because Interrogatories Nos. 2-5 simply ask Defendant to provide facts supporting four affirmative defenses – a very minimal burden. If Defendant has no facts to support an affirmative defense at the time,

1  then it should so state and it should also withdraw the affirmative defense.  This would not,
2  however, preclude Defendant from seeking to amend its answer to add the previously pled
3  affirmative defense if, *e.g.*, discovery reveals facts to support that defense.

4  As for Interrogatory No. 37, it provides as follows: "If Plaintiff had been promoted to
5  Assistant Store Manager in January, 2012, how much would he have earned, per month, in salary
6  and bonuses, assuming no time off for medical leave, through April 30, 2013?"  Based on the joint
7  letter, it appears that Defendant's main objection to the interrogatory is that "it improperly calls for
8  speculation and expert testimony."  Docket No. 28 (Joint Letter at 2).  In spite of this objection,
9  Defendant has offered to provide Plaintiff with the potential salary range for Assistant Store
10 Managers in the stores where Plaintiff applied for the Assistant Store Manager position.  This
11 information would not include either overtime or bonus information.  Defendant indicates that it
12 cannot provide overtime or bonus information because there is much variance depending on the
13 individual (particularly because bonuses are performance based).  In response, Plaintiff asked for
14 "the directly comparable information of the Assistant Store Manager's actual earnings during the 16-
15 month period."  Docket No. 28 (Letter at 1).

16 Plaintiff's interrogatory is poorly worded.  It asks how much *he* would have earned; it does
17 not ask how much other Assistant Store Managers have earned.  Thus, Defendant's point that the
18 interrogatory calls for speculation and expert testimony is well founded.  Defendant has offered what
19 is, for the most part, a fair compromise.  Thus, the Court orders Defendant to provide in an
20 interrogatory response what is the potential salary range for Assistant Store Managers in the stores
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

where Plaintiff applied for the Assistant Store Manager position. Defendant should also indicate, in its response, whether that range accounts for overtime and/or bonuses. If not, then Defendant should state what factors are considered in determining bonuses (as suggested in the joint letter).

This order disposes of Docket Nos. 27 and 28.

IT IS SO ORDERED.

Dated: July 24, 2013

_____
EDWARD M. CHEN
United States District Judge