United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BAIRD, | No. C-12-6316 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| OFFICE DEPOT, | |
| Defendant. | **(Docket No. 49)** |

Plaintiff Michael Baird has filed suit against Defendant Office Depot, asserting claims for employment discrimination. Currently pending before the Court is Mr. Baird's motion for summary judgment regarding certain affirmative defenses asserted by Office Depot. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **GRANTS** in part and **DENIES** in part the motion for summary judgment.

The motion is granted as to Affirmative Defenses Nos. 3, 7-8, 12, 17, 27, and 44. Office Depot has voluntarily withdrawn these defenses, admitting that it has no factual basis for the defenses at this time. The dismissal of these defenses shall be without prejudice. However, the defenses shall automatically be dismissed *with* prejudice on March 20, 2014, *i.e.*, the day expert discovery closes, unless Office Depot makes an offer of proof in support of the affirmative defenses by that day.

The motion is also granted as to Affirmative Defenses Nos. 2, 26, 45, 32. The so-called affirmative defenses are not, in fact, affirmative defenses but rather are, in effect, denials of liability. The Court notes that, although it is granting the motion as to these defenses, it is doing so largely as

a matter of cleaning up the pleadings. This ruling shall not bar Office Depot from arguing at trial that Mr. Baird cannot establish the essential elements of his claims based on the same underlying facts.

Similarly, the motion is granted as to Affirmative Defense No. 35. Office Depot has failed to cite any authority establishing that contributory or comparative negligence is a legal defense to discrimination claims asserted herein. However, as above, this ruling shall not bar Office Depot from arguing at trial that Mr. Baird cannot establish the essential elements of his claims based on the same underlying facts.

Finally, the motion is granted as to Affirmative Defense No. 42. Office Depot concedes that the defense is not applicable to the FEHA retaliation claim and the FEHA claim for failure to take all reasonable steps to prevent discrimination and retaliation. Although Office Depot maintains that the defense is still applicable to Mr. Baird's disability-based FEHA claims (*i.e.*, failure to provide a reasonable accommodation and failure to engage in a good faith interactive process regarding accommodation), as well as the claim for violation of public policy, the Court does not agree based on *City of Moorpark v. Superior Court of Ventura County*, 18 Cal. 4th 1143 (1998), and *Bagatti v. Department of Rehabilitation*, 97 Cal. App. 4th 344 (2002). As the *Bagatti* court pointed out, the underlying reasoning in *City of Moorpark* largely supports the conclusion that a failure-to-accommodate claim is not barred under the exclusivity provisions of the Workers' Compensation Act. *See id.* at 367 (noting that, "in *City of Moorpark*, the court . . . explain[ed] that disability discrimination 'falls outside the compensation bargain and workers' compensation is not the exclusive remedy'" and, "[a]s we have explained, in section 12940 [of FEHA], the Legislature has made the failure to accommodate a disability equally as important as disability discrimination [–] [j]ust as discrimination on the basis of disability falls outside the compensation bargain, so too the employer's commission of another statutory unlawful employment practice, as defined by subdivision (m) of section 12940, falls outside the compensation bargain"); *see also Ihama v. Bayer Corp.*, No. C 05-03483 WHA, 2005 U.S. Dist. LEXIS 30864, at *6-9 (N.D. Cal. Nov. 14, 2005) (concluding that workers' compensation was not the exclusive remedy for plaintiff's FEHA and common law claims; plaintiff had pled, *inter alia*, that defendant failed to accommodate her

disability). Office Depot has failed to demonstrate why a FEHA disability discrimination claim based on failure to accommodate should be treated differently than other FEHA discrimination claims which are not subject to workers' compensation exclusivity under *City of Moorpark*. The strong remedial public policy underpinning FEHA applies with equal force here. The fact that Plaintiff claims physical injury as a result of the FEHA failure to accommodate claim does not implicate workers' compensation exclusivity. *See, e.g.*, *Bagatti*, 97 Cal. App. 4th at 351 (taking note of plaintiff's allegation that, as a result of defendants' failure to accommodate, she suffered physical injuries, including a broken right fibula, tibia, and ankle as well as bruising and swelling in her left leg). Exclusivity turns not on the character of the injury but rather on the nature of the alleged wrongdoing based on conduct normally occurring within the workplace.

The motion for summary judgment is denied as to Affirmative Defenses Nos. 13 and 23. Office Depot has tendered a sufficient factual basis for the defenses.

This order disposes of Docket No. 49.

IT IS SO ORDERED.

Dated: February 18, 2014

_____
EDWARD M. CHEN
United States District Judge